UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL DANT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-16131** |
| **BERTUCCI CONTRACTING COMPANY, LLC, ET AL.** | **SECTION: "B" (4)** |

## ORDER

Before the Court is Defendant, Bertucci Contract Company, LLC's, **Motion to Compel Independent Medical Examination (R. Doc. 69)** as well as its **Motion to Expedite Consideration of Motion to Compel (R. Doc. 70)**. The motions are opposed. R. Doc. 73. The motions were heard on the briefs.

### I.  Background

The underlying action is a complaint alleging that on October 20, 2016, Plaintiff, Michael Dant, was employed by Defendant, Bertucci Contracting Company, LLC ("Bertucci"), as a deckhand aboard the M/V CAPTAIN CHRIS on navigable waters when his foot was crushed. This injury resulted in a below-the-knee amputation. Plaintiff alleges negligence, unseaworthiness, and seeks the payment of maintenance and cure. Also named as Defendants are Underwriters at Lloyd's London, subscribing to Policy No. CUL-10777.125, and U.S. Specialty Insurance Company. R. Docs. 1, 20.

The instant motion was filed by Bertucci seeking a second independent medical examination ("IME") of the Plaintiff. R. Doc. 69. Bertucci argues that a second IME is required as the Plaintiff's treating doctors are pursuing additional treatment of alleged neuropathic pain and it will be prejudiced at trial if its IME physician cannot warrant whether that treatment is necessary and whether there is objective evidence to support the Plaintiff's complaints. Bertucci sought

expedited hearing as its IME physician was available on June 5, 2018, but would be unavailable for several weeks if the June 5 date passed.

To fully evaluate the motion the Court ordered Bertucci to file a supplement and ordered the Plaintiff to file his opposition by 1:00 p.m. on June 4, 2018. R. Doc. 71. The parties complied and the supplement as well as opposition were timely filed. R. Docs. 72, 73.

The motion is opposed by the Plaintiff. R. Doc. 73. Plaintiff argues that Bertucci was aware of Plaintiff's continuing nerve pain on March 8, 2018, the lack of second IME will not prejudice the Defendant, and the IME physician's initial report and examination are sufficient to defend the lawsuit.

## II.     Law and Analysis

As an initial matter, the Court notes that the District Court issued a Scheduling Order in this case. The order requires that "[d]epositions for use at trial shall be taken and all discovery shall be completed no later than May 29, 2018." R. Doc. 46. The final pre-trial Conference is set for June 28, 2018 at 4:00 p.m., with trial set to commence on July 23, 2018.

Due to the request in dispute, a second IME on June 5, 2018, the Court finds expedited consideration of the substance of the motion appropriate and grants the motion for expedited consideration. The motion is therefore considered on the briefs submitted to the Court as ordered.

This Court has held multiple times that it is axiomatic that the, "[c]ompletion of discovery means that ... any related discovery disputes must be resolved by the deadline as well." *Parkcrest Builders, LLC v. Housing Auth. New Orleans*, No. 15-1533, 2017 WL 4156499 (E.D. La. Sept. 19, 2017) (citing *Fairley v. Wal-Mart Stores, Inc.*, No. 14-0462, 2016 WL 2992534, at *1 (E.D. La. May 24, 2016)); *See also Global Int'l Marine, Inc. v. HLC Tugs, LLC*, No. 09-1375, 2010 WL 11538478, at *1 (E.D. La. July 19, 2010); *Front-Line Promotions & Mktg., Inc. v. Mayweather*

*Promotions, LLC*, No. 08-3208, 2009 WL 928568, at *4 (E.D. La. Apr. 2, 2009). This means that a motion to compel discovery must be resolved, not just filed, by the discovery deadline.

The instant motion to compel was filed on May 31, 2018, two days after the disocvery deadline established by the District Court. Because the motion to compel is unable to be resolved within the Scheduling Order's deadline, Bertucci is required to provide good cause why it should be permitted to seek discovery after the deadline.

The Fifth Circuit has applied a four-factor balancing test in certain contexts to determine whether good cause exists to modify a scheduling order by weighing: (1) the explanation for the failure to adhere to the deadline at issue; (2) potential prejudice; (3) the availability of a continuance to cure such prejudice; and (4) the importance of the proposed modification to the scheduling order. *See Geiserman v. MacDonald*, 893 F.2d 787, 790–92 (5th Cir. 1990) (untimely designation of expert witnesses); *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257–58 (5th Cir. 1997) (untimely submission of expert reports); *S&W Enters., LLC v. South Trust Bank of Ala., NA,* 315 F.3d 533, 536 (5th Cir. 2003) (untimely amendment of pleadings). This "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters.*, 315 F.3d at 535 (5th Cir. 2003) (quotation and citation omitted); *see also Grochowski v. Phoenix Const.*, 318 F.3d 80 (2d Cir. 2003) ("A finding of good cause depends on the diligence of the moving party.").

Bertucci states that the Plaintiff was being treated by Dr. Samir Tomajian for pain. Bertucci argues that its IME physician, Dr. Cowen, examined the Plaintiff on November 2, 2017, and opined that the Plaintiff's pain was related to a neuroma, a growth or cluster of nerve tissue, that should surgically be removed. Defendant contends that the treating orthopedic surgeon removed a neuroma on December 4, 2017 and on January 4, 2018, Plaintiff reported pain as 0/10.

3

Bertucci contends on March 29, 2018, trial perpetuation deposition of Dr. Tomajian occurred in which it argues Dr. Tomajian's testimony eliminated complex regional pain syndrome as an issue. However, it contests that on April 10, 2018, after the deposition, Plaintiff returned to the treating orthopedic surgeon complaining of nerve pain and sought new treatment, at which time he was referred back to Dr. Tomajian who saw him on May 9, 2018 for pain and ordered new pain treatment. According to Bertucci, under these circumstances the pain is essentially a new condition as his neuroma pain was surgically treated successfully resulting in the elimination of all pain. It states a second IME is warranted for a determination of subjective complaints of pain as well as whether there are objective physical signs related to the nerve pain post-surgery. Bertucci further argues that it would prejudiced without the IME as its IME physician will lack credibility on the basis he will have not seen the Plaintiff since the neuroma surgery and new treatments for pain.

The Court ordered Bertucci to file a supplement indicating when it learned Plaintiff was complaining of nerve pain and seeking additional treatment. R. Doc. 71. In response, it argues that the neuroma surgery appeared to have "closed the door" on the issue of complex regional pain syndrome after the neuroma excision, but on May 10, 2018, Dr. Tomajian's office contacted neither Bertucci nor its counsel, but the claims handler for medical payments seeking approval for nerve block treatment which was then forwarded to Bertucci's counsel. Counsel stated at this time it began attempting to obtain records related to treatment. Bertucci further states that on May 17, 2018, the treating orthopedic surgeon acknowledged sending the Plaintiff to Dr. Tomajian for evaluation of nerve pain again. However, Bertucci argues that these records were not provided contemporaneously. It additionally contends that Plaintiff's counsel indicated it would seek an updated deposition of Dr. Tomajian. Bertucci states it sought a conference with its IME physician,

4

Dr. Cowen, which did not occur due to Dr. Cowen's calendar until May 29, 2018. At that time Dr. Cowen stated he would need a clinical examination to opine on diagnosis and prognosis. Bertucci indicates that on May 31, 2018, Plaintiff's counsel refused the second IME. It therefore argues May 29, 2018 should be the earliest notice that a second clinical examination would be needed.

The Plaintiff filed an opposition at the Court's request at the same time as the Bertucci's supplement. R. Doc. 73. Plaintiff argues that Bertucci was made aware of the continuing nerve pain on March 8, 2018, when medical records referencing the continuing nerve pain were provided to the Defendant. Plaintiff notes that on April 10, 2018, he complained of continued nerve pain. Plaintiff argues that the nerve pain is not new. He states that Dr. Tomajian after his initial examination opined, and continues to opine, that complex regional pain syndrome is causing part of Plaintiff's pain. It argues that this motion is an attempt to manufacture an issue as the treating physicians' diagnoses remain the same.

In addition, Plaintiff argues the Defendant has been aware of continuing nerve pain as the January 4, 2018, visit with the orthopedic surgeon indicated pain 0/10 at the time of the visit, but Plaintiff still reported occasional nerve pain. The Plaintiff states this record was provided on March 8, 2018. R. Doc. 73-4. Further, Plaintiff argues that the April 10, 2018 visit with the orthopedic surgeon indicated pain at a scale of 6/10, and the records further indicate continued pain in his stump and pain that is worse at night. Plaintiff states that these records were provided to Bertucci on May 4, 2018. Plaintiff argues a second IME requires a stronger showing of necessity that is not present here.

As noted, because the instant motion to compel was filed after the discovery deadline, Bertucci is required to demonstrate good cause as to why despite its diligence the discovery deadlines could not be met. First, Bertucci's argument with respect to its untimely motion is that

5

it was not until May 29, 2018 that it was able to conference with its IME physician to determine whether a second examination would be necessary. It further argues that the medical records in the case were not being provided contemporaneously in the matter.

Bertucci's own supplement indicates that on May 10 it became aware of Dr. Tomajian's new treatment and began attempting to obtain medical records and on May 17 the treating orthopedic surgeon, during deposition, acknowledged sending the Plaintiff back for evaluation of nerve pain. Yet, it was not until May 22 that Bertucci sought a conference with their IME physician. Further, the medical records from January 4, 2018 indicate continuing pain, albeit not the severe pain prior to the neuroma surgery and the April 10, 2018 record indicates significantly more pain. Bertucci does not indicate exactly what date it received the April 10 record of the Plaintiff's visit with his orthopedic surgeon, however, Plaintiff's counsel indicates it was sent on May 4, 2018. As such, Bertucci appears to have had notice of continuing nerve pain and treatment for nerve pain in early May, yet only sought a conference with its IME physician on May 22 and did meet with the IME physician until May 29. The first factor, therefore weighs against Bertucci, as the Court is not convinced of its diligence with respect to this motion or the discovery deadlines.

Second, trial in the instant matter is set less than two months away, with the final pre-trial conference set less than one month away and the case has already been continued once. R. Docs. 43, 46. The Court finds that a continuance would likely be unavailable in this matter because when the District Court granted the Defendants' earlier motion to continue it noted its disappointment in their failure to submit timely medical expert reports that could have been supplemented, and by filing the motion to continue two days before the prior expert reporting deadline. Further, the current scheduling order requires that dispositive pre-trial motions, including motions in limine

regarding the admissibility of expert testimony, are required to be filed to permit hearing no later than June 8, 2018.

Third, the Court finds that Plaintiff would be prejudiced at it may be required to divert his attention away from trial preparation and back to discovery matters that should have been completed.

Finally, with respect to the importance of the discovery, the Court finds that even if it were found to be important the failure to exercise due diligence by Bertucci with respect to circumstances of this motion and medical discovery weigh so heavily against it that the motion should be denied. Further, Bertucci has already had an IME of the Plaintiff such that it is not left without any medical examination of the Plaintiff in this matter.

Ultimately, the Court finds that Bertucci has not been diligent in attempting to meet the deadlines imposed by the District Court, was aware of the circumstances potentially necessitating the instant motion, and did not file the motion or take the required steps in a manner that indicates that good cause exists for extension of the deadlines imposed in this matter.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Expedite (R. Doc. 70)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's **Motion to Compel Independent Medical Examination (R. Doc. 69)** is **DENIED**.

New Orleans, Louisiana, this 4th day of June 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**